ADAM PAUL LAXALT
  Attorney General
GERRI LYNN HARDCASTLE, Bar No. 13142
  Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1134
E-mail: ghardcastle@ag.nv.gov

*Attorneys for Defendants*
*Brian Ward*



```
____ FILED       ____ RECEIVED
____ ENTERED     ____ SERVED ON
            COUNSEL/PARTIES OF RECORD

           JUN 0 7 2018

       CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ORDER

| | |
|---|---|
| TODD M. HONEYCUTT, | Case No. 3:17-cv-00230-MMD-VPC |
| Plaintiff, | **DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO SUBMIT CONFIDENTIAL EARLY MEDIATION CONFERENCE STATEMENT** |
| vs. | |
| ISIDRO BACA, et al., | (First Request) |
| Defendants. | |

Defendants, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this honorable Court for an enlargement of time to submit their Confidential Early Mediation Conference Statement. This motion is based on Fed. R. Civ. P. 6(b)(1), the following memorandum of points and authorities, and all papers and pleadings on file herein.

### MEMORANDUM OF POINTS AND AUTHORITIES

This case is a pro se civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 4 at 1. Plaintiff, Todd Honeycutt (Plaintiff), is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC). *Id.* Plaintiff alleges that Defendants violated his rights under the Fourteenth Amendment to the United States Constitution. ECF No. 3 at 3-5. Specifically, Plaintiff claims that John Doe intentionally submitted a false risk of reoffending assessment to the Nevada Parole Board (NPB). *Id.* at 3. Plaintiff alleges that John Doe's assessment gave Plaintiff a score of "5," which mandated that he be denied parole. *Id.* at 3-4. Plaintiff claims that, upon seeing the score, Defendant Powers (Powers)

1 believed the score was incorrect and asked another NDOC psychologist to assess Plaintiff. *Id.* at 4. In
2 the subsequent assessment, Plaintiff received a score of "2." *Id.* Powers informed Defendant-
3 caseworker Moyle (Moyle) of the difference in the scores, and, Plaintiff alleges, Moyle instructed
4 Powers not to contact the NPB or assist Plaintiff further. *Id.* Plaintiff then sought assistance from other
5 NDOC staff members, but they refused to correct the error. *Id.*

6 The early mediation conference (EMC) in this case is scheduled to occur on Tuesday, June 12,
7 2018, at 11:30 a.m. ECF No. 6 at 1. Defendants' confidential early mediation statement is due today,
8 June 5, 2018, at 4:00 p.m. *Id.* at 5. Regrettably, counsel's assistant neglected to put the deadline for
9 Defendants' EMC statement and the EMC itself on counsel's calendar. Accordingly, counsel was
10 unaware her client's EMC statement was due today at 4:00 p.m. Counsel regrets this oversight.
11 Regardless, she wishes to correct the error and requests that this honorable Court allow her until Friday,
12 June 8, 2018, at 12:00 p.m. to submit her clients' EMC statement. If necessary, counsel will take the
13 statement directly to the mediator.

14 **II.   DISCUSSION**

15 District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v.*
16 *Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir.
17 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

18 > When an act may or must be done within a specified time, the court may,
> for good cause, extend the time: (A) with or without motion or notice if
19 > the court acts, or if a request is made, before the original time or its
> extension expires; or (B) on motion made after the time has expired if the
20 > party failed to act because of excusable neglect.

21 Therefore, a party requesting an enlargement of time to complete an act *after* the expiration of
22 the time to do so must show "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has
23 outlined several factors for determining when neglect is excusable for the purposes of FRCP 6(b)(1)(B).
24 *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993). Those factors are
25 as follows: "the danger of prejudice to the [non-movant], the length of the delay and its potential
26 impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable
27 control of the movant, and whether the movant acted in good faith." *Id.*
28 ///

2

In the instant case, Defendants can show excusable neglect for their failure to seek an enlargement of time prior to the expiration of the deadline for the EMC statement. As stated, counsel's assistant neglected to calendar the deadline for the EMC statement and the EMC.[1] Counsel's assistant was unaware of the omissions to the calendar until approximately 3:10 p.m. today. At that time, the assistant informed counsel and asked counsel how she wished to proceed. Therefore, counsel was ignorant to her inability to comply with this Court's order to submit Defendants' EMC statement until approximately 3:15 p.m. today. Immediately thereafter, counsel began drafting this motion.

Calendaring errors, although significant and potentially problematic, are unfortunately quite common in the legal community. Moreover, this error can be rectified if this Court will allow Defendants additional time to submit their EMC statement. If this Court grants Defendants' motion, Defendants will submit their statement no later than Friday, June 8, 2018, at 12:00 p.m. This should allow the mediator sufficient time to review the statement and prepare for the upcoming mediation. Thus, the EMC can proceed as planned on June 12, 2018, at 11:30 a.m., and Plaintiff will not be unfairly prejudiced.

### III. CONCLUSION

Based on the error in Defendants' counsel's calendar, Defendants respectfully move this honorable Court to enlarge the time allowed for them to submit their EMC statement.

Dated: this 5th day of June, 2018.

ADAM PAUL LAXALT
Attorney General

By: _____
GERRI LYNN HARDCASTLE
Deputy Attorney General
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*
*Brian Ward*

IT IS SO ORDERED
_____
U.S. MAGISTRATE JUDGE
DATED: June 7, 2018

---

[1] Although counsel's legal assistant is tasked with maintaining her calendar, counsel is ultimately responsible for ensuring that the calendar is correct and that she fulfills the obligations set forth in the calendar.

3

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 5th day of June, 2018, I caused to be served a copy of the foregoing, **DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO SUBMIT CONFIDENTIAL EARLY MEDIATION CONFERENCE STATEMENT**, by U.S. District Court CM/CEF Electronic Filing on:

Todd Honeycutt #63545
C/O NNCC Law Librarian
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, NV 89702

*Mackenzie Hodges*
An employee of the
Office of the Attorney General