UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TODD M. HONEYCUTT,<br><br>                Plaintiff,<br><br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>                Defendants. | 3:17-cv-00230-MMD-CBC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff Todd M. Honeycutt ("Honeycutt") against Defendants Isidro Baca, Laurie Hoover, Michelle Hicks-Moses, Shannon Moyle, Jorja Powers, Holly Skulstad, David Tristan, and Brian Ward (collectively referred to as "Defendants").[2] Currently pending before the court is Defendants' motion for summary judgment. (ECF Nos. 42, 44, 52.)[3] Honeycutt opposed the motion (ECF No. 47), and Defendants replied (ECF No. 51). For the reasons stated below, the court recommends that Defendants' motion for summary judgment (ECF No. 42) be granted.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Honeycutt is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional Center ("NNCC").

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2] Honeycutt also named R. Scholfield and Nathaniel Woods as defendants in this lawsuit. (*See* ECF No. 4). Defendants Woods and Scholfield were dismissed as service was not effectuated. (*See* ECF Nos. 40, 53).

[3] ECF No. 44 consists of sealed documents in support of Defendants' motion for summary judgment. ECF No. 52 is an errata to the motion for summary judgment.

(ECF No. 4.) Proceeding *pro se*, Honeycutt filed the instant civil rights action pursuant to 42 U.S.C. § 1983 alleging a procedural due process claim against Defendants. (*Id.*)

According to Honeycutt's Complaint (ECF No. 4), the alleged events giving rise to his claims are as follows: In February 2016, Dr. Laurie Hoover ("Dr. Hoover") submitted a false risk assessment (also known as a "Static-99R") to the Nevada parole board. (*Id.* at 5.) Dr. Hoover falsely scored Honeycutt at a "5" which automatically mandated a denial of parole. (*Id.*) The parole board denied Honeycutt parole for that reason. (*Id.*) Honeycutt learned of the "5" risk assessment score at that parole hearing. (*Id.*) An NDOC caseworker, Jorja Powers ("Powers"), was present for the parole hearing and believed that the score of "5" was incorrect. (*Id.*) Powers had psychologist Steve Daniels ("Daniels") conduct a new risk assessment. (*Id.*) Daniels scored Honeycutt with a "2" and informed Powers. (*Id.* at 5-6.)

Powers spoke to Honeycutt's parole attorney, Ryan Norward, about the "2" score. (*Id.* at 6.) Norward notified the parole board. (*Id.*) The parole board wrote a letter to both Honeycutt and Powers and responded that, pursuant to NRS § 213.1214, Powers/NDOC had to contact the parole board. (*Id.*) Powers informed her boss, Shannon Moyle ("Moyle"), about the situation. (*Id.*) Moyle instructed Powers not to contact the parole board and to not help Honeycutt any further. (*Id.*) NRS § 213.1214 provides that the NDOC must fix the risk assessment if it is inaccurate. (*Id.*)

Honeycutt contacted Robert Scholfield, Nathaniel Woods, and Brian Ward ("Ward") for help, but they all turned a "blind eye" to the issue. (*Id.*) Isidro Baca ("Baca"), Michelle Hicks-Moses ("Moses"), David Tristan ("Tristan"), and Holly Skulstad ("Skulstad"), answered Honeycutt's grievances, but failed to correct the violation. (*Id.*) Honeycutt seeks (1) injunctive relief "sanction[ing] defendants in compliance to state & federal law," (2) compensatory damages in the amount of "$300.00 a day from [the] violation," and (3) punitive damages in the amount of "300.00 a day from [the] violation." (*Id.* at 13.)

     Pursuant to 28 U.S.C. § 1915A(a), the District Court entered a screening order, allowing Honeycutt to proceed with a claim for procedural due process violations. (ECF No. 3.) On screening, the District Court specifically found that Plaintiff seeks to have the correct risk assessment evaluation used and is not seeking to invalidate his confinement or its duration, thus Honeycutt had properly raised the procedural due process claim in a § 1983 action. (*Id.* at 4-5.) On April 1, 2019, Defendants filed their motion for summary judgment asserting that they are entitled to summary judgment because the assessment was accurate, and thus Honeycutt's procedural due process claims were not violated because there was not an inaccurate assessment for the Defendants to correct. (ECF Nos. 42, 52). Honeycutt opposed (ECF No. 47), and Defendants replied (ECF No. 51).

## II.   LEGAL STANDARD

     Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and

the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

**III.   DISCUSSION**

    **A.   Civil Rights Claims under 42 U.S.C. § 1983**

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Honeycutt*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under section 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

    **B.   Accuracy of Risk Assessment**

Both parties agree that Honeycutt's procedural due process claim hinges upon whether the Static-99R risk assessment Dr. Hoover prepared was accurate. (*See* ECF Nos. 42 at 2-3; 47 at 2.) If Dr. Hoover's assessment was accurate, then Honeycutt's due process claims against all Defendants necessarily fail because there was no inaccuracy for the Defendants to correct. (*Id.*)

Honeycutt's main contention with the Static-99R risk assessment is that he should not have been assessed "2" points based on having past *convictions* for sexual offenses, as he has not had any prior convictions for sexual offenses. (ECF No. 47 at 2.) To Honeycutt's credit, Defendants did misstate in their initial motion for summary judgment that Honeycutt had three prior sexual offense related *convictions*. (*See* ECF No. 42 at 6.) However, in their errata to the motion for summary judgment, Defendants

5

correct their misstatement to assert that Honeycutt has three prior sexual offense related *charges*. (*See* ECF No. 52 at 6.) A review of Honeycutt's presentence investigation reports shows that he was charged with three counts of sexual assault in 1997. (*See* ECF Nos. 44-2 at 5; 44-3 at 4.) Based on these three sexual offense related charges, Honeycutt was assessed "2" points on the Static-99R. (*See* ECF No. 44-1 at 2.) Question 5 of the Static-99R asks the number of times the inmate was previously convicted of a sex offense and the number of times the inmate was charged with a previous sex offense. (*Id.*) An inmate who has been previously charged with three to five sex offenses, as is the case with Honeycutt, is assessed "2" points. (*Id.*) Dr. Hoover provides in a declaration that she assessed Honeycutt the "2" points because he was charged with three counts of sexual assault in 1997. (*See* ECF No. 52-1 at 3.) Accordingly, the court finds that because Honeycutt had three prior sexual offense related charges, he was properly assessed "2" points in his Static-99R.

Aside from this point, Honeycutt's only other argument is that the court should deny summary judgment because Defendants are "liers (sic)," and "[t]here is no case law that states lier (sic), lier (sic), pants on fire, but the defendants are burning up." (ECF No. 47 at 3-4.) While the "liar, liar, pants on fire" argument has been used—albeit unsuccessfully—in some criminal cases,[4] it is not a proper basis for defeating a motion for summary judgment. Honeycutt does not argue that any other portion of the Static-99R score was calculated incorrectly and he does not argue that his Presentence Investigation Reports are inaccurate. (*See* ECF No. 47.)

Because Honeycutt's Static-99R risk assessment was accurately completely by Dr. Hoover, Honeycutt's procedural due process rights could not have been violated, as there was nothing for Defendants to correct. Accordingly, the court finds there are no genuine issues of material fact and Defendants are entitled to summary judgment.

---

[4] *See e.g., Skidmore v. Kelly*, 4:11-CV-1760, 2012 WL 5197251, at *4 (N.D. Ohio Oct. 19, 2012) (discussing Petitioner's "liar, liar, pants on fire" theory, used during his criminal trial.)

6

Because the court finds that no constitutional violation occurred, it need not address Defendants' other arguments.

## IV. CONCLUSION

Based upon the foregoing, the court recommends Defendants' motion for summary judgment (ECF No. 42) be granted. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 42) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: September 6, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**